Kay Lynn Bestol, WSB #5-2949
Sundahl, Powers, Kapp & Martin, LLC
500 W. 18th Street, Suite 200
P.O. Box 328
Cheyenne, WY  82003-0328
(307) 632-6421
(307) 632-7216 facsimile
kbestol@spkm.org
*Attorney for Defendant Michael G. Mascorro*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DEBRA LARAMORE, as Wrongful Death Representative of BUCK MICHAEL LARAMORE (deceased) and BRANDI LARAMORE, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWN OF THERMOPOLIS POLICE DEPARTMENT, and MICHAEL GUERRERO MASCORRO, an individual, <br><br> Defendants. | Civil No. 1:25-cv-00105 |

## DEFENDANT MICHAEL G. MASCORRO'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant Michael Mascorro, through his attorney, Sundahl, Powers, Kapp & Martin, LLC, responds to plaintiff's Complaint as follows:

1.    This defendant admits that, on April 28, 2023, Thermopolis Police Officer Michael Guerrero Mascorro, after being wounded by plaintiffs' decedent Buck Laramore, returned fire and shot Laramore, and Laramore subsequently died. This defendant denies the remaining allegations in paragraph 1 of the Plaintiffs' Complaint.

2.      The allegations in paragraph 2 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

3.      The allegations in paragraph 3 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

4.      This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 4 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.  This defendant admits that Laramore provided false information during an investigation, that he had probable cause to arrest Laramore, that he spoke to the Deputy County Attorney, that he went to Laramore's house, and that Laramore shot and wounded him.  This defendant denies any remaining allegations in paragraph 4 of plaintiffs' Complaint.

5.      This defendant incorporates his responses to paragraph 1 through 4 of plaintiffs' Complaint.

6.      This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 6 of plaintiffs' Complaint, and, therefore, denies them.

7.      This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 7 of plaintiffs' Complaint, and, therefore, denies them.

8.      The allegations in paragraph 8 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is necessary.  To the extent a response is required, the allegations are denied.

9.      This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 9 of plaintiffs' Complaint, and, therefore, denies them.

10.     The allegations in paragraph 10 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is necessary.  To the extent a response is required, the allegations are denied.

11.     The allegations in paragraph 11 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response is required, this defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore denies the same.

12.     This defendant denies he is currently employed by the Thermopolis Police Department.  This defendant admits the remaining allegations of paragraph 12 of plaintiffs' Complaint.

13.     The allegations in paragraph 13 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.   To the extent a response is required, this defendant admits this Court has federal question jurisdiction but denies that plaintiffs state any claim upon which relief may be granted.

14.     The allegations in paragraph 14 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

15.     This defendant admits that he was acting within the course and scope of his employment as a police officer for the Town of Thermopolis.  The remaining allegations in paragraph 15 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

16.    The allegations in paragraph 16 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

17.    The allegations in paragraph 17 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

18.    The allegations in paragraph 18 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

19.    The allegations in paragraph 19 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.  This defendant admits that venue is proper in the District of Wyoming, but denies the plaintiffs state any claim upon which relief may be granted.

20.    This defendant denies the allegations in paragraph 20 of plaintiffs' Complaint.

21.    This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 21 of plaintiffs' Complaint, and, therefore, denies them.

22.    This defendant denies he was placed on notice of anything.  This defendant is without information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 22 of plaintiffs' Complaint, and, therefore, denies them.

23.    This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 23 of plaintiffs' Complaint, and, therefore, denies them.

24.    This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 24 of plaintiffs' Complaint, and, therefore, denies them.

25. This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 25 of plaintiffs' Complaint, and, therefore, denies them.

26. This defendant admits that the Hot Springs County Health Inspector initiated an investigation into the Thermopolis McDonald's because there had been recently admitted drug activity in the restaurant, and that he, Deputy Cox, and her canine assisted. This defendant denies the remaining allegations in paragraph 26 of plaintiffs' Complaint.

27. This defendant admits that multiple containers and methamphetamine were hidden in the baby wipe dispenser of the baby changing table. This defendant denies the remaining allegations in paragraph 27 of plaintiffs' Complaint.

28. This defendant admits that Laramore was the last person to enter or leave the restroom.

29. This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 29 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

30. This defendant denies the allegations in paragraph 30 of plaintiffs' Complaint.

31. This defendant denies the allegations in paragraph 31 of plaintiffs' Complaint.

32. This defendant denies the allegations in paragraph 32 of plaintiffs' Complaint.

33. This defendant admits that he asked Laramore for his name, address, and date of birth. This defendant denies the remaining allegations in paragraph 33 of plaintiffs' Complaint.

34. This defendant admits the allegations in paragraph 34 of plaintiffs' Complaint.

35. This defendant admits the allegations in paragraph 35 of plaintiffs' Complaint.

36. This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 36 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

37. This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 37 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

38. This defendant denies the allegations in paragraph 38 of plaintiffs' Complaint.

39. This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 39 of plaintiffs' Complaint, and, therefore, denies them.

40. This defendant denies the allegations in paragraph 40 of plaintiffs' Complaint.

41. This defendant denies the allegations in paragraph 41 of plaintiffs' Complaint.

42. This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 42 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

43. This defendant denies he harassed Laramore. This defendant is without information sufficient to form a belief regarding the remaining allegations in paragraph 43 of plaintiffs' Complaint, and, therefore, denies them.

44. This defendant is without sufficient information to form a belief regarding the allegations in paragraph 44 of plaintiffs' Complaint, and, therefore, denies them.

45. This defendant is without information sufficient to form a belief regarding the allegations in paragraph 45 of the Plaintiffs' Complaint, and, therefore, denies them.

46.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 46 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

47.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 47 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

48.     This defendant admits that he talked with the Deputy Hot Springs County Attorney. This defendant denies the remaining allegations in paragraph 48 of plaintiffs' Complaint.

49.     This defendant denies the allegations in paragraph 49 of plaintiffs' Complaint.

50.     This defendant denies the allegations in paragraph 50 of plaintiffs' Complaint.

51.     The defendant admits the allegations in paragraph 51 of plaintiffs' Complaint.

52.     This defendant admits the allegations in paragraph 52 of plaintiffs' Complaint.

53.     This defendant admits the allegations in paragraph 53 of plaintiffs' Complaint.

54.     This defendant admits the allegations in paragraph 54 of plaintiffs' Complaint.

55.     This defendant admits that the DCA told him that he could either write a ticket or make an arrest.  This defendant admits the remaining allegations in paragraph 56 of plaintiffs' Complaint.

56.     This defendant admits that the DCA told him he could either write a ticket or make an arrest.  This defendant denies the remaining allegations in paragraph 56 of plaintiff's Complaint.

57.     This defendant admits the allegations in paragraph 57 of plaintiffs' Complaint.

58.     This defendant denies the allegation in paragraph 58 of plaintiffs' Complaint.

59.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 59 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

60.    This defendant is without sufficient information to form a belief regarding the truth of the allegations in paragraph 60 of plaintiffs' Complaint, and, therefore, denies them.

61.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 61 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

62.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 62 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

63.    This defendant is without information sufficient to form a belief regarding the allegations in paragraph 63 of plaintiffs' Complaint, and, therefore, denies them.

64.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 64 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

65.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 65 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

66.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 66 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

67.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 67 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

68.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 68 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

69.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 69 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

70.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 70 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

71.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 71 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

72.     This defendant denies the allegations in paragraph 72 of plaintiffs' Complaint.

73.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 73 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

74.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 74 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

75.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 75 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

76.    This defendant denies the allegations in paragraph 76 of plaintiffs' Complaint.

77.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 77 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

78.    This defendant denies the allegations in paragraph 78 of plaintiffs' Complaint.

79.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 79 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

80.    This defendant is without information sufficient to form a belief regarding the allegations in paragraph 80 of plaintiffs' Complaint, and, therefore, denies them.

81.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 81 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

82.    This defendant denies the allegations in paragraph 82 of plaintiffs' Complaint.

83.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 83 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

84.    This defendant denies the allegations in paragraph 84 of plaintiffs' Complaint.

85.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 85 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

86.    This defendant is without information sufficient to form a belief regarding the allegations in paragraph 86 of plaintiffs' Complaint, and, therefore, denies them.

87.    This defendant denies the allegations in paragraph 87 of plaintiffs' Complaint.

88.    This defendant denies the allegations in paragraph 88 of plaintiffs' Complaint.

89.    This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 89 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

90.    This defendant denies the allegations in paragraph 90 of plaintiffs' Complaint.

91.    This defendant admits that Laramore shot him with his .45.  This defendant denies, or alternatively, is without information sufficient to form a belief regarding the remaining allegations in paragraph 91 and, therefore, denies them.

92.    This defendant admits the allegations in paragraph 92 of plaintiffs' Complaint.

93.    This defendant admits the allegations in paragraph 93 of plaintiffs' Complaint.

94.    This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 94 of plaintiffs' Complaint and, therefore, denies them.

95.    This defendant denies the allegations in paragraph 95 of plaintiffs' Complaint.

96.    This defendant denies the allegations in paragraph 96 of plaintiffs' Complaint.

97.    This defendant denies the allegations in paragraph 97 of plaintiffs' Complaint.

98.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 98 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

99.     This defendant is without information sufficient to form a belief regarding the truth of the allegations in paragraph 99 of plaintiffs' Complaint, and, therefore, denies them.

100.     This defendant admits the allegations in paragraph 100 of plaintiffs' Complaint.

101.     This defendant denies the allegations in paragraph 101 of plaintiffs' Complaint.

102.     This defendant denies the allegations in paragraph 102 of plaintiffs' Complaint.

103.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 103 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

104.     This defendant denies the allegations in paragraph 104 of plaintiffs' Complaint.

105.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 105 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

106.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 106 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

107.     This defendant asserts that the video speaks for itself and denies that the allegations in paragraph 107 of plaintiffs' Complaint either fully or accurately set forth what is shown on the video.

108.     This defendant denies the allegations in paragraph 108 of plaintiffs' Complaint.

109.     This defendant denies the allegations in paragraph 109 of plaintiffs' Complaint.

110. This defendant denies the allegations in paragraph 110 of plaintiffs' Complaint.

111. This defendant admits the allegations in paragraph 111 of plaintiffs' Complaint.

112. This defendant denies the allegations in paragraph 112 of plaintiffs' Complaint.

113. The allegations in paragraph 113 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

114. The allegations in paragraph 114 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

115. The allegations in paragraph 115 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

116. The allegations in paragraph 116 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

117. The allegations in paragraph 117 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

118. The allegations in paragraph 118 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

119.    The allegations in paragraph 119 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

120.    The allegations in paragraph 120 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

121.    The allegations in paragraph 121 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

122.    The allegations in paragraph 122 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

123.    The allegations in paragraph 123 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

124.    The allegations in paragraph 124 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

125.    The allegations in paragraph 125 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

126.    This defendant denies the allegations in paragraph 126 of plaintiffs' Complaint.

14

127.   This defendant incorporates his responses to paragraphs 1 through 126 of plaintiffs' Complaint.

128.   The allegations in paragraph 128 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

129.   The allegations in paragraph 129 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

130.   The allegations in paragraph 130 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

131.   The allegations in paragraph 131 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

132.   The allegations in paragraph 132 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

133.   The allegations in paragraph 133 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

134.   The allegations in paragraph 134 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

135. The allegations in paragraph 135 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

136. The allegations in paragraph 136 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

137. The allegations in paragraph 137 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

138. The allegations in paragraph 138 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

139. The allegations in paragraph 139 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

140. The allegations in paragraph 140 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

141. The allegations in paragraph 141 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

142. This defendant denies the allegations in paragraph 142 of plaintiffs' Complaint.

143.    The allegations in paragraph 143 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

144.    The allegations in paragraph 144 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

145.    This defendant admits that he was on duty, wearing a uniform, badge, and gun and driving a marked patrol car.  This defendant denies that he was misusing his authority.

146.    This defendant denies the allegations in paragraph 146 of plaintiffs' Complaint.

147.    This defendant asserts that the DCI report speaks for itself and denies that denies that the allegations of paragraph 147 either fully or accurately set forth that report.

148.    This defendant admits that he told DCI that POST had investigated complaints against him and found them to be unsubstantiated.  This defendant denies the remaining allegations in paragraph 148 of plaintiffs' Complaint.

149.    This defendant admits that a complaint was made and found to be unsubstantiated. He admits he was reprimanded for failure to activate his body camera.  This defendant denies plaintiffs' characterizations of the incident and the complaint are accurate and denies all remaining allegations in paragraph 149 of plaintiffs' Complaint.

150.    This defendant admits that a complaint was made and found to be unsubstantiated. This defendant denies plaintiffs' characterizations of the incident and the complaint are accurate and denies all remaining allegations in paragraph 150 of plaintiffs' Complaint.

151. This defendant admits that a complaint was made and found to be unsubstantiated. This defendant denies plaintiffs' characterizations of the incident and the complaint are accurate and denies all remaining allegations in paragraph 151 of plaintiffs' Complaint.

152. This defendant denies the allegations in paragraph 152 of plaintiffs' Complaint.

153. This defendant denies the allegations in paragraph 153 of plaintiffs' Complaint.

154. The allegations in paragraph 154 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

155. This defendant denies the allegations in paragraph 155 of plaintiffs' Complaint.

156. This defendant admits that, since each complaint was found to be baseless, he was not required to undergo "remedial" training but asserts that he did receive use of force training after the academy. This defendant denies any remaining allegations in paragraph 156 of plaintiffs' Complaint.

157. This defendant admits the allegations in paragraph 157 of plaintiffs' Complaint

158. The allegations in paragraph 158 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

159. The allegations in paragraph 159 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

160. The allegations in paragraph 160 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

161. The allegations in paragraph 161 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

162. The allegations in paragraph 162 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

163. The allegations in paragraph 163 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

164. The allegations in paragraph 164 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

165. This defendant denies the allegations in paragraph 165 of plaintiffs' Complaint.

166. The allegations in paragraph 166 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

167. The allegations in paragraph 167 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

168. The allegations in paragraph 168 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

169. This defendant denies the allegations in paragraph 169 of plaintiffs' Complaint.

170. This defendant incorporates his responses to paragraphs 1 through 169 of plaintiffs' Complaint.

171. The allegations in paragraph 171 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

172. The allegations in paragraph 172 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

173. The allegations in paragraph 173 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

174. The allegations in paragraph 174 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

175. This defendant denies the allegations in paragraph 175 of plaintiffs' Complaint.

176. The allegations in paragraph 176 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

177. The allegations in paragraph 177 of plaintiffs' Complaint are not directed toward this defendant and no response is required. To the extent a response may be required, they are denied.

178.    The allegations in paragraph 178 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

179.    The allegations in paragraph 179 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

180.    This defendant denies the allegations in paragraph 180 of plaintiffs' Complaint.

181.    This defendant denies the allegations in paragraph 181 of plaintiffs' Complaint.

182.    This defendant incorporates his responses to paragraphs 1 through 181 of plaintiffs' Complaint.

183.    The allegations in paragraph 183 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is required.  To the extent a response may be required, they are denied.

184.    This defendant denies the allegations in paragraph 184 of plaintiffs' Complaint.

185.    The allegations in paragraph 185 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

186.    This defendant denies the allegations in paragraph 186 of plaintiffs' Complaint.

187.    This defendant denies the allegations in paragraph 188 of plaintiffs' Complaint.

188.    This defendant denies the allegations in paragraph 188 of plaintiffs' Complaint.

189.    This defendant denies the allegations in paragraph 189 of plaintiffs' Complaint.

190.    This defendant denies the allegations in paragraph 190 of plaintiffs' Complaint.

191.    This defendant denies the allegations in paragraph 191 of plaintiff's Complaint.

192.    This defendant incorporates his responses to paragraphs 1 through 191 of plaintiffs' Complaint.

193.    The allegations in paragraph 193 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is required.  To the extent a response may be required, they are denied.

194.    This defendant denies the allegations in paragraph 194 of plaintiff's Complaint.

195.    This defendant denies the allegations in paragraph 195 of plaintiffs' Complaint.

196.    This defendant denies the allegations in paragraph 196 of plaintiffs' Complaint.

197.    This defendant denies the allegations in paragraph 197 of plaintiffs' Complaint.

198.    This defendant denies the allegations in paragraph 198 of plaintiffs' Complaint.

199.    This defendant incorporates his responses to paragraphs 1 though 198 of plaintiffs' Complaint.

200.    The allegations in paragraph 200 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is required.  To the extent a response may be required, they are denied.

201.    This defendant admits the allegations in paragraph 201 of plaintiffs' Complaint.

202.    The allegations in paragraph 202 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

203.    This defendant denies the allegations in paragraph 203 of plaintiffs' Complaint, including all subparts.

204.    The allegations in paragraph 204 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

205.    The allegations in paragraph 205 of plaintiffs' Complaint are not directed toward this defendant and no response is required.  To the extent a response may be required, they are denied.

206.    This defendant denies the allegations contained in paragraph 206 of plaintiffs' Complaint.

207.    This defendant denies the allegations in paragraph 207 of plaintiffs' Complaint.

208.    This defendant denies the allegations in paragraph 208 of plaintiffs' Complaint.

209.    This defendant denies the allegations in paragraph 209 of plaintiffs' Complaint.

210.    This defendant denies the allegations in paragraph 210 of plaintiffs' Complaint.

211.    This defendant denies the allegations in paragraph 211 of plaintiffs' Complaint.

212.    This defendant incorporates his responses to paragraphs 1 through 211 of plaintiffs' Complaint.

213.    The allegations in paragraph 213 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is required.  To the extent a response may be required, they are denied.

214.    The allegations in paragraph 214 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

215. The allegations in paragraph 215 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

216. The allegations in paragraph 216 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

217. This defendant denies the allegations in paragraph 217 of plaintiffs' Complaint.

218. This defendant denies the allegations in paragraph 218 of plaintiffs' Complaint.

219. This defendant denies the allegations in paragraph 219 of plaintiffs' Complaint.

220. This defendant incorporates his responses to paragraphs 1 through 219 of plaintiffs' Complaint.

221. The allegations in paragraph 221 of plaintiffs' Complaint are not allegations of fact, but are a statement of plaintiffs' intentions, and no response is required.  To the extent a response may be required, they are denied.

222. The allegations in paragraph 222 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

223. This defendant denies the allegations in paragraph 223 of plaintiffs' Complaint.

224. This defendant denies the allegations in paragraph 224 of plaintiffs' Complaint.

225. This defendant incorporates his responses to paragraphs 1 through 224 of plaintiffs' Complaint.

226.    The allegations in paragraph 226 of plaintiffs' Complaint are not allegations of fact, but are a summary statement of legal principles, and this defendant denies that the legal principles are either accurately or fully set out therein.

227.    This defendant denies every allegation in plaintiffs' Complaint not specifically admitted.

228.    As an affirmative defense, the plaintiffs have not stated a cause of action for which relief may be granted.

229.    As an additional affirmative defense, pre-judgment interest is unavailable for any asserted cause of action.

230.    As an additional affirmative defense, this defendant asserts that plaintiffs are estopped by the decedent's conduct.

231.    As an additional affirmative defense, this defendant asserts waiver.

232.    As an additional affirmative defense, this defendant asserts that plaintiffs' claims are limited by the Wyoming Governmental Claims Act.

233.    As an additional affirmative defense, this defendant asserts he was not the proximate cause of any of plaintiffs' alleged damages.

234.    As an additional affirmative defense, this defendant asserts that none of his acts were  malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

235.    As an additional affirmative defense, any State law claims asserted by the Plaintiffs are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

236.    As an additional affirmative defense, this defendant asserts comparative fault.

237.    As an additional affirmative defense, this defendant asserts intervening and superseding cause.

238.    As an additional affirmative defense, this defendant asserts the statute of limitations.

239.    As an additional affirmative defense, any punitive damages awarded against this defendant would be in violation of his rights under the United States and Wyoming Constitutions, including, without limitation, his rights to due process and equal protection.

240.    As an additional affirmative defense, this defendant asserts he is entitled to qualified immunity.

241.    As an additional affirmative defense, this defendant asserts that his acts were within the course and scope of his duties and all actions were privileged and authorized by law.

242.    As an additional affirmative defense, this defendant asserts the federal individual capacity claims against him are barred as a matter of fact and law.

243.    As an additional affirmative defense, this defendant asserts that his actions were taken in good faith and were objectively reasonable.

244.    As an additional affirmative defense, this defendant asserts that his actions were taken in good faith, and based upon good cause, legitimate reasons and were consistent with and authorized by law, necessity and privileged.

245.    As an additional affirmative defense, this defendant asserts that, if this matter reaches the trial stage without dismissal, bifurcation would be necessary.

246.    As an affirmative defense, this defendant asserts a failure to mitigate.

247.    As an affirmative defense, this defendant asserts that the plaintiffs' alleged damages, which are denied, were caused by conditions or individuals for which he is not responsible.

248.    As an affirmative defense, this defendant asserts governmental immunity from any civil rights claims under the Wyoming Constitution, as immunity for those claims has not been waived by the Wyoming Governmental Claims Act.

249.    This defendant reserves the right to list additional affirmative defenses as they become known through discovery.

This defendant respectfully requests that plaintiffs' Complaint be dismissed with prejudice, that he be awarded his attorneys' fees, costs, and expenses in this action, and for such other and further relief as the Court deems proper under the circumstances.

**DATED** this 14th day of July 2025.

*/s/ Kay Lynn Bestol*
Kay Lynn Bestol, WSB #5-2949
Sundahl, Powers, Kapp & Martin, LLC
500 W. 18th Street, Suite 200
P.O. Box 328
Cheyenne, WY  82003-0328
(307) 632-6421
(307) 632-7216 facsimile
kbestol@spkm.org
*Attorney for Defendant Michael G. Mascorro*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I caused the **Defendant Michael G. Mascorro's Answer to Plaintiff's Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to the following:

Jack D. Edwards
Kaden B. Canfield
Edwards Law Office, P.C.                          [_____] U.S. Mail
PO Box 5345                                       [__X__] CM/ECF
Etna, WY 83118                                    [_____] Electronically
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com

Branden S. Vilos
Attorney at Law, P.C.
P.O. Box 2837
1130 Sheridan Ave., Ste. 205
Cody, WY 82414
branden@viloslaw.com

Thomas Rumpke
Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, WY 82009
trumpke@lglpwyoming.org


                                    */s/ Kay Lynn Bestol*
                                    Kay Lynn Bestol