**FILED**



**2:35 pm, 7/23/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **DEBRA LARAMORE**, as Wrongful Death Representative of **BUCK MICHAEL LARAMORE** (deceased), and **BRANDI LARAMORE**, an Individual,<br><br>      Plaintiffs,<br><br>  vs.<br><br>**TOWN OF THERMOPOLIS** a Wyoming municipality, and **MICHAEL GUERRERO MASCORRO**, an individual,<br><br>      Defendants. | Case No.   25-CV-105-SWS |

---

### ORDER FOLLOWING INFORMAL CONFERENCE REGARDING SETTLEMENT AGREEMENT

**THIS MATTER** came before the Court during an informal conference with counsel on Wednesday, July 15, 2026. At the conference, the Court heard the parties' respective positions regarding disputes arising from the drafting of the settlement agreement following the successful mediation of this matter on May 27, 2026. *See* ECF No. 35 (*Order for Mediation*). The parties' dispute presented two issues for the Court's resolution:

1. Whether the Defendants, Town of Thermopolis ("Town") and Mr. Michael Mascorro, must sign the Settlement Agreement; and

2. Which version of the language concerning Mr. Mascorro's representation should be included in the Settlement Agreement.

1

Having considered the parties' arguments, the Court issues the following Order:

As to the first issue, the Court finds that Mr. Mascorro must execute the Settlement Agreement. His signature manifests his assent to the Agreement and binds him to its terms. More importantly, a material component of the consideration supporting the settlement is Mr. Mascorro's representation that, as of the time he enters into the Agreement, he has no intention to seek POST-officer recertification or to apply for employment with any Wyoming law enforcement agency. That representation is a bargained-for promise made in exchange for Plaintiffs' dismissal of their claims. Without Mr. Mascorro's execution of the Agreement, there is no reliable manifestation that the representation is, in fact, his own or that he intended to be bound by it at the time the Agreement was reached. His signature therefore gives legal effect to that representation and is necessary to effectuate the obligations he has undertaken.

The Court reaches a different conclusion with respect to the Town of Thermopolis. The Public Service Announcement ("PSA") has been approved by the Town, and the approval is reflected in the Town's official meeting minutes, which the parties represent will be attached to the Settlement Agreement. The Court finds that the Town's official approval, together with the attached meeting minutes, sufficiently evidences the Town's assent to the PSA. Because the Town has no additional obligations requiring execution of the Settlement Agreement, the Court concludes that the Town's signature is unnecessary.[1]

---

[1] The Tenth Circuit has also explained that it is the Defendants' "acceptance of the settlement agreement that was binding, not counsel's procurement of a signature." *Devon Energy Prod. Co., L.P. v. Line Finders, LLC*, 2022 WL 4232404, at *2–3 (10th Cir. 2022) (citing *E. Cent. Okla. Elec. Coop., Inc. v. Okla. Gas & Elec. Co.*, 505 P.2d 1324, 1328 (Okla. 1973) ("An agreement to make and execute a certain written agreement, the terms of which are mutually understood and agreed on, is in all respects as valid and obligatory as the written contract itself would be if executed."

Finally, the Court addresses the parties' dispute concerning the inclusion of the word "present" in the representation provision relating to Mr. Mascorro. The Court finds that the proposed inclusion of the word "present" is unnecessary. While counsel for Mr. Mascorro argues that the word provides additional clarity by confirming that Mr. Mascorro does not intend to bind himself beyond the execution of the Settlement Agreement, the Court concludes that Plaintiff's proposed language adequately conveys that the representation reflects only Mr. Mascorro's intent at the time he executes the Settlement Agreement. The additional language is therefore superfluous.

Accordingly, **IT IS THEREFORE ORDERED** that Mr. Michael Mascorro shall execute the Settlement Agreement. The Town of Thermopolis shall not be required to execute the Settlement Agreement, as its approval of the PSA, as reflected in its official meeting minutes, sufficiently manifests its assent.

**IT IS FURTHER ORDERED** that the Settlement Agreement shall incorporate Plaintiff's proposed language regarding Mr. Mascorro's representation. The parties shall promptly finalize the Settlement Agreement consistent with this Order and submit any necessary dismissal documents upon its execution on or before **Monday, July 27, 2026**.

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2026.

---

(quotations omitted)); and 2 Williston on Contracts § 6:44 (4th ed. May 2022 update) ("[A]ny written contract, though signed by only one party, will bind the other if he or she accepts the writing."). Thus, where a party has otherwise manifested its assent, the absence of that party's signature does not, standing alone, prevent enforcement of the agreement.

Scott P. Klosterman
United States Magistrate Judge

4